ROGERS, J.,
concurring.
I concur in the result, but do so because the officers were justified in questioning and searching Terry Johnson even without his consent.
When Officers Snay and Coughenbaugh first encountered Terry and Steve Johnson, their car was stopped in the middle of the road in violation of the traffic code. After running the car’s plates and finding an outstanding warrant for the car’s owner, the officers followed the car to the auto parts store and arrested Steve.
Terry, whom Coughenbaugh identified as the car’s driver, argues that Snay lacked reasonable suspicion to ask Terry for his driver’s license. However, having observed Terry commit a minor traffic infraction, Snay was justified in detaining Terry and requesting identification. See United States v. Ferguson, 8 F.3d 385, 391 (6th Cir.1993). Then, as the majority explains, once Snay discovered that Terry had been driving with a suspended license, Snay had probable cause to arrest Terry. Snay then discovered the handgun and drugs during a valid search incident to the arrest.
Terry Johnson argues that he did not commit a traffic infraction which would justify the request for identification because stopping the car in the middle of the road did not actually impede the flow of traffic. Johnson failed to raise this issue below, so this court would only overturn the district court’s finding that Johnson did commit a traffic infraction if that finding constituted plain error. United States v. Branham, 97 F.3d 835, 841 (6th Cir.1996). It is not clear from the Ohio statute that actual impeding of traffic is necessary for a violation when a driver stops his car in the middle of the road. See Ohio Rev.Code § 4511.22. The district court’s finding should therefore stand.
Given that Officer Snay was justified at each level of questioning and search, affir-mance is required regardless of Johnson’s consent.